The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
EVIDENTIARY RULINGS
All objections raised by counsel in the deposition of Dr. Kammire are ruled upon in accordance with the applicable law and with the Opinion and Award in this case.
***********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following
FINDINGS OF FACT
1. The parties are bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
2. On 22 February 1994, the employment relationship existed between the plaintiff and the defendant-employer.
3. The plaintiff was employed with the defendant-employer as an over-the-road truck driver delivering new furniture to furniture stores.
4. His average weekly wage on 22 February 1994 was $724.89, yielding the maximum compensation rate for that year of $466.
5. On 22 February, 1994, there was an electrical fire on the truck that the plaintiff was driving. He jumped out of the truck to get a fire extinguisher. When he did, he sustained an injury by accident arising out of and in the course of his employment with the defendant-employer when he landed on his right knee and injured it.
6. The next day, the plaintiff was seen at a walk-in medical clinic in Salisbury for the pain in his right knee. The day after that, the plaintiff was seen by a Dr. Craven, who referred him to Dr. Kammire.
7. The plaintiff was first seen by Dr. Gordan Kammire of Lexington, an orthopedic surgeon, on 4 March 1994. At that time, Dr. Kammire examined the plaintiff and reviewed x-rays of the plaintiff's right knee, which showed degenerative changes. Dr. Kammire additionally diagnosed the plaintiff with an internal derangement of his right knee, meaning that he had either a cartilage injury or a ligament strain. Dr. Kammire injected the plaintiff's right knee with cortisone and asked that he return to him for follow-up treatment. The plaintiff was written out of work.
8. The plaintiff continued to follow up with Dr. Kammire with conservative treatment, including physical therapy. On 4 April 1994, Dr. Kammire released the plaintiff to return to seated light duty work.
9. On 25 April 1994, the plaintiff returned to work driving a truck making local pick-ups. He had to get in and out of the truck frequently, and after about two hours, his knee began to hurt and swell. The plaintiff again went out of work and returned to the use of crutches.
10. The plaintiff returned to Dr. Kammire on 6 May 1994, who recommended that the plaintiff continue physical therapy and remain out of work until the plaintiff's next appointment, which was scheduled for 27 May 1994.
11. Subsequently, the plaintiff received a letter from the defendant-servicing agent, dated 13 May 1994, informing him that Dr. Kammire's office had called the defendant-employer and indicated his approval of modified work duties for the plaintiff. The job approved was accounting for boxes as they were removed from trucks, and was to be performed while sitting. This was the first notice that the plaintiff received that Dr. Kammire had approved his return to work, and was presumably received by the plaintiff on 16 May 1994.
12. As a result, the plaintiff returned to work for the defendant-employer on 17 May 1994 checking freight on and off a trailer. As employees rolled the freight in and out, the plaintiff would stop and check it, which required the plaintiff to walk around the freight and bend frequently. The job was primarily standing, but the plaintiff could sometimes sit, depending on the load. Although the plaintiff's knee hurt, he continued to work in this job the hours offered, missing time only for doctors appointments or physical therapy. The job paid $7.00 an hour. At some point, the plaintiff returned to local driving, doing shorter trips than he had done prior to the injury. He therefore still made less money.
13. On 10 August 1994, the plaintiff returned to his over-the-road driving job, making his pre-injury wages.
14. As a result of the 22 February 1994 injury by accident, the plaintiff suffered an acute aggravation and exacerbation of his pre-existing degeneration in his right knee as a result of the internal derangement he sustained in the fall.
15. As a result of the 22 February 1994 injury by accident, the plaintiff was unable to earn any wages with the defendant or in any employment from 23 February 1994 until 17 May 1994. (The defendant conceded liability for and paid temporary total disability compensation for the period from 23 February 1994 until 3 May 1994.)
16. As a result of the 22 February 1994 injury by accident, from 17 May 1994 until 10 August 1994, the plaintiff was only able to earn part of his pre-injury wages.
17. The plaintiff left the defendant-employer's employ in June 1995 to take another job.
18. The plaintiff was last treated for his right knee injury by Dr. Kammire on 26 July 1994. At that time, the plaintiff still had some tenderness at the joint lines and some crepitation when palpated during motion. The plaintiff still calls in and Dr. Kammire continues to prescribe anti-inflammatories to the plaintiff.
19. The plaintiff has treated with Dr. Kammire on several occasions since July 1994 with regard to problems with his left knee. The plaintiff also had pre-existing degenerative changes to his left knee that were aggravated by the additional weight bearing on that leg that resulted from the plaintiff's injury to his right knee.
20. No evidence was presented to determine when or if the plaintiff had reached maximum medical improvement with regard to the injuries of 22 February 1994, and no permanent partial disability rating has been given.
21. The defendants defended the plaintiff's claims for the periods of temporary total disability and temporary partial disability without reasonable ground, and such defense amounted to stubborn, unfounded litigiousness. The plaintiff's counsel is therefore entitled to a reasonable attorney fee for prosecution of those issues, pursuant to N.C.G.S. § 97-88.1. A reasonable fee for prosecution of those issues is twenty percent of the amount due to the plaintiff as set forth in the Conclusions of Law below. A reasonable attorney fee for prosecution of other issues is an additional five percent of the amount due to the plaintiff, which should be paid by the plaintiff himself.
***********
Based upon the foregoing findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer. N.C.G.S. § 97-2(6).
2. As a result of the compensable injury, the plaintiff was temporarily and totally disabled from 23 February 1994 until 17 May 1994, and is therefore entitled to compensation for temporary total disability for that period, subject to a credit for compensation previously paid by the defendants. N.C.G.S. §97-29.
3. As a result of the compensable injury, the plaintiff was temporarily and partially disabled from 17 May 1994 until 10 August 1994, and is therefore entitled to compensation for temporary partial disability for that period. N.C.G.S. §97-30.
4. As a result of the defendants' unreasonable defense of the temporary disability issues, the plaintiff is entitled to have the defendants pay for attorney's fees in the amount of twenty percent of the accrued amount currently due the plaintiff. N.C.G.S. § 97-88.1.
5. The plaintiff is entitled to have the defendants provide all medical compensation arising from this injury by accident, including compensation for treatment of the injury to the plaintiff's left leg caused by the injury by accident. N.C.G.S. § 97-2(19), -25.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. The defendants shall pay the plaintiff compensation at the legal rate for the temporary total disability he sustained as a result of this injury by accident, subject to a credit for the amount previously paid by the defendants. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. The defendants shall pay the plaintiff compensation at the legal rate for the temporary partial disability he sustained as a result of this injury by accident. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
4. The defendants shall pay all medical compensation for treatment of this injury by accident as set forth above.
5. The defendants shall pay directly to the plaintiff's counsel an attorney fee of twenty percent of the total amount currently due to the plaintiff under the Award herein. Said attorney fee shall not be deducted from the amount due the plaintiff.
6. An attorney fee of five percent of the total amount due the plaintiff is hereby approved for plaintiff's counsel for prosecution of other issues, which fee shall be deducted from the amount due the plaintiff and paid directly to plaintiff's counsel.
7. Because the evidence did not indicate whether the plaintiff had reached maximum medical improvement or whether he suffered a permanent partial disability as a result of this injury by accident, this Opinion and Award does not address the issue of what, if any, permanent disability compensation is due to the plaintiff. A decision on that issue is therefore deferred and the issue is reserved for the plaintiff to present evidence at an appropriate time if he desires.
8. The defendants shall pay the costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission docket.
This the __________ day of _____________________ 1998.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws